IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WILLIAM OVERS, | ) |
| Plaintiff, | ) Civil Action No. 23-1451 |
| | ) District Judge Marilyn J. Horan |
| v. | ) Magistrate Judge Maureen P. Kelly |
| | ) |
| HUTTIG (BENBILT BUILDING SYSTEM) | ) Re: ECF Nos. 1, 28 |
| *A subsidiary of Woodgrain, Inc.*, | ) |
| | ) |
| Defendant. | ) |

**REPORT AND RECOMMENDATION**

**I.    RECOMMENDATION**

It is respectfully recommended that the Complaint filed in the above-captioned case, ECF No. 1, be dismissed for failure to prosecute. It is further recommended that the Motion for Sanctions, ECF No. 28, be denied as moot.

**II.    REPORT**

Plaintiff William Overs filed this action with counsel and named Hutting (Benbilt Buildings System) as a defendant. He brings claims for discrimination on the basis of race and for retaliation under Title VII of the Civil Rights Act and the Pennsylvania Human Relations Act (Counts I, II, IV, and V), as well as claims for discrimination on the basis of race when making and enforcing an employment contract under Section 1981 of the Civil Rights Act (Count III).

On April 3, 2024, Defendant filed a Motion for Sanctions for Plaintiff's Failure to Appear at Deposition, seeking sanctions up to and including dismissal because Plaintiff twice failed to appear at his deposition or offer grounds for his absence. ECF No. 28. Thereafter, counsel for Plaintiff filed a Motion to Withdraw as Attorney. ECF No. 31. For good cause shown, the Court granted the Motion to Withdraw and stayed and administratively closed this action to permit

1

Plaintiff 60 days to obtain new counsel. ECF No. 34. The Motion for Sanctions remains pending.

A telephonic status conference was held on June 26, 2024, to discuss the status of this action with Plaintiff. The Court mailed to Plaintiff at his address of record a copy of the Order scheduling the conference and the teleconference call-in information. ECF No. 35. Plaintiff failed to appear at the status conference and as reflected on the docket, replacement counsel has not been identified or entered an appearance. The scheduling Order was not returned to the Court as undeliverable.

The Court entered an Order on June 28, 2024, directing Plaintiff to complete a Notice stating whether he requests to dismiss this case or wishes to represent himself *pro se*, or requiring him to provide the name of counsel who will represent him in this action. Plaintiff was directed to return the completed Notice to the Clerk of Court by July 15, 2024. Plaintiff did not file the Notice as ordered and the Order was not returned to the Court as undeliverable.

On July 18, 2023, the Court entered an Order to Show Cause directing Plaintiff to show good cause why this case should not be dismissed for Plaintiff's failure to file the required Notice stating his intent to proceed. Plaintiff was directed to respond to the Order on or before August 1, 2024. To date, Plaintiff has not responded to the Order to Show Cause nor given any indication that he wishes to continue this litigation. The Order to Show Cause was not returned to the Court as undeliverable.

The United States Court of Appeals for the Third Circuit has identified a six-factor balancing test to guide a court in determining whether a case should be dismissed for failure to prosecute. Poulis v. State Farm Fire & Casualty Co., 747 F.2d 863 (3d Cir. 1984). The court must consider: 1) the extent of the party's personal responsibility; 2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; 3) a history of

dilatoriness; 4) whether the conduct of the party or attorney was willful or in bad faith; 5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and 6) the meritoriousness of the claim or defense. Id. at 868. There is no "magic formula" or "mechanical calculation" to determine whether a case should be dismissed for failure to prosecute, Mindek v. Rigatti, 964 F.2d 1369, 1373 (3d Cir. 1992), and not all six factors need to weigh in favor of dismissal before dismissal is warranted. Hicks v. Feeney, 850 F.2d 152 (3d Cir. 1988). Rather, the court must "properly consider and balance" each of the six factors based on the record. See Hildebrand v. Allegheny County, 923 F.3d 128, 132 (3d Cir. 2019) (citing Poulis, 747 F.2d at 868).

"Dismissal with prejudice is an 'extreme' sanction" that should be employed as a "last, not first, resort." Hildebrand, 923 F.3d at 132 (quoting Nat'l Hockey League v. Metro Hockey Club, Inc., 427 U.S. 639, 643 (1976), and Poulis, 747 F.2d at 867, 869). A close case should "be resolved in favor of reaching a decision on the merits." Id. (citing Adams v. Trs. of the N.J. Brewery Emps.' Pension Tr. Fund, 29 F.3d 863, 870 (3d Cir. 1994)). Nevertheless, "[d]ismissal is a sanction rightfully in the district courts' toolbox," and the Third Circuit "has not hesitated to affirm the district court's imposition of sanctions, including dismissals in appropriate cases." Id. (citing Poulis, 747 F.2d at 867 n. 1).

The first Poulis factor requires the Court to consider the extent to which the dilatory party is personally responsible for the sanctionable conduct. See Adams, 29 F.3d at 873 ("[I]n determining whether dismissal is appropriate, we look to whether the party bears personal responsibility for the action or inaction which led to the dismissal."). Because Plaintiff is proceeding *pro se* at this time, he is solely responsible for his own conduct, including his failure to respond to orders from the Court. See, e.g., Colon v. Karnes, No. 1:11-cv-1704, 2012 WL

3

383666, at *3 (M.D. Pa. Feb. 6, 2012) ("Plaintiff is proceeding *pro se*, and thus is responsible for his own actions."). Further, despite the rescheduling of his deposition, he failed to appear and failed to communicate with counsel any reason for his failure to appear. And, as reflected on the docket, the Court has mailed a copy of all relevant orders to Plaintiff's home, and there is no indication he has not received the Court's mailings. This factor weighs heavily in favor of dismissal.

The second Poulis factor assesses whether the adverse party has suffered prejudice because of the dilatory party's behavior. Relevant concerns include "the irretrievable loss of evidence, the inevitable dimming of witnesses' memories[,] the excessive and possibly irremediable burdens or costs imposed on the opposing party," Adams, 29 F.3d at 874, and "the burden imposed by impeding a party's ability to prepare effectively a full and complete trial strategy." Ware v. Rodale Press, Inc., 322 F.3d 218, 222 (3d Cir. 2003). At this stage of the litigation, this factor weighs heavily against Plaintiff given because the "continued failure to communicate with the Court and continued inaction [therefore] frustrates and delays resolution of this action." See Mack v. United States, No. 3:17-cv-1982, 2019 WL 1302626, at *1 (M.D. Pa. Mar. 21, 2019) ("[F]ailure to communicate clearly prejudices the Defendants who seek a timely resolution of the case."). In addition, counsel for Defendants scheduled and rescheduled Plaintiff's deposition, incurred related expenses, and has incurred expenses to defend this matter.

The third factor, "history of dilatoriness," also weighs heavily against Plaintiff. As explained, Plaintiff has not responded to several Orders entered by this Court related to a scheduled status conference and whether he seeks to represent himself going forward or will retain new counsel. He also failed to respond to the Court's Order to Show Cause. Thus, Plaintiff has engaged in a pattern of dilatory conduct that serves to delay resolution of this matter.

4

With respect to the fourth Poulis factor, "[w]illfulness involves intentional or self-serving behavior." Adams, 29 F.3d at 874. In this case, there is nothing on the docket to suggest that Plaintiff is unable to respond to Court orders. Thus, his failure to comply with the Court's orders appears willful.

The fifth factor addresses the effectiveness of sanctions other than dismissal. Poulis, 747 F.2d at 869. It is well-established that monetary sanctions or alternative sanctions are unlikely to be effective against a party who refuses to communicate with the Court. Mack, 2019 WL 1302626, at *2 (noting that the court was "incapable of imposing a lesser sanction" on a plaintiff who refused to participate in his own lawsuit). As such, this factor weighs heavily in favor of dismissal.

Finally, the Court must consider the potential merit of Plaintiff's claims. A claim will be deemed meritorious "when the allegations of the pleadings, if established at trial, would support recovery by plaintiff." Poulis, 747 F.2d at 869-70. However, the Court cannot evaluate the potential merits of Plaintiff's claims because he has failed to participate in this litigation, including by attending his own deposition.

On balance, the Court concludes that at least five of the six Poulis factors support dismissal, with the remaining factor (merits of Plaintiff's claims) not weighed against nor in favor of dismissal. Nevertheless, "[n]ot all of these factors need be met for a district court to find dismissal is warranted." Hicks v. Feeney, 850 F.2d 152, 156 (3d Cir. 1988). While the Court is mindful of the strong policy in favor of deciding cases on the merits, such a resolution is impossible where the plaintiff declines to participate in his own lawsuit. Consequently, the Court concludes that on the record presented here, the extreme sanction of dismissal is supported by the Poulis factors.

### III. CONCLUSION

For the reasons set forth above, it is respectfully recommended that this action be dismissed due to Plaintiff's failure to prosecute. For the reasons set forth in this Report, it is further

recommended the Motion for Sanctions filed on behalf of Defendant Huttig (Benbilt Building System), ECF No. 28, be denied as moot.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Rule 72.C.2 of the Local Rules of Court, the parties are allowed fourteen (14) days from the date of this Order to file an appeal to the District Judge which includes the basis for objection to this Order. Any appeal is to be submitted to the Clerk of Court, United States District Court, 700 Grant Street, Room 3110, Pittsburgh, PA 15219. Failure to file a timely appeal will constitute a waiver of any appellate rights.

Dated: August 20, 2024                    BY THE COURT:

*/s/ Maureen P. Kelly*
MAUREEN P. KELLY
UNITED STATES MAGISTRATE JUDGE

cc:   The Honorable Marilyn J. Horan
      United States District Judge

      All counsel of record via CM/ECF

      William Overs
      1023 Saint Claire Street
      Latrobe, PA 15650